**AKERMAN LLP**
JOSHUA R. MANDELL (SBN 225269)
Email: joshua.mandell@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Plaintiff,
FERRO CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERRO CORPORATION, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>PMC, INC., a Delaware corporation; and PHILIP E. KAMINS, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1) BREACH OF CONTRACT**<br>**(2) BREACH OF CONTRACT** |

Plaintiff Ferro Corporation states for its Complaint against Defendants PMC, Inc. and Philip E. Kamins as follows:

## NATURE OF THE ACTION, PARTIES, JURISDICTION AND VENUE

1.     This is an action brought by Plaintiff Ferro Corporation against Defendants PMC, Inc. and Philip E. Kamins for indemnification and recovery of attorney's fees, costs and other damages which have been incurred by Plaintiff Ferro Corporation in defending claims asserted in <u>Alcoa Inc. et al. v. APC Investment Co., et al.</u>, United States District Court, Central District of California, Western Division, Case No. 2-14-cv-06456 and in prosecuting actions to enforce the indemnification in

Case No. 2:14-cv-06456 and this action. The claims in this action are asserted pursuant to the Settlement Agreement dated April 23, 1991 (attached as Exhibit A) and the Partial Settlement Agreement entered August 10, 2015 (attached as Exhibit B) between Plaintiff and Defendants.

2. Plaintiff Ferro Corporation ("Plaintiff" or "Ferro Corporation") is a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business located at 6060 Parkland Boulevard, Mayfield Heights, Ohio 44124.

3. Defendant PMC, Inc. ("Defendant" or "PMC, Inc.") is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 12243 Branford Street, Sun Valley, California 91352-1010.

4. Defendant Philip E. Kamins ("Defendant" or "Kamins") is an individual residing at 121 Copley Place, Beverly Hills, California 90210.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367. The amount in controversy in this case exceeds the sum of $75,000 exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a) and (c).

7. In addition, as provided in Section 5.4 of the April 23, 1991 Settlement Agreement and Paragraph 6 of the August 10, 2015 Partial Settlement Agreement, the parties have consented to the jurisdiction and venue of this Court.

## FACTS COMMON TO ALL CLAIMS

8. On or about April 23, 1991, Plaintiff Ferro Corporation and Defendants PMC, Inc. and Kamins entered into that certain Settlement Agreement dated as of April 23, 1991 (hereinafter the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached as Exhibit A.

9. Pursuant to Section 3.1 of the Settlement Agreement, Defendant PMC, Inc., on behalf of itself, its successors and assigns, agreed to defend, indemnify and

1  hold Plaintiff Ferro Corporation, and its successors and assigns, harmless from and
2  against all claims, losses, liability, obligations, damages, judgments and costs and
3  expenses incurred, or to be incurred, by Plaintiff, its successors and assigns, (the
4  defined "Indemnification Amounts"), arising out of or resulting from any claim
5  relating directly or indirectly to defined "Environmental Matters" relating to the past
6  or future conduct of any business involving the defined "Property".  Defined
7  "Excluded Claims" were excluded from this indemnification.

8      10.    Further, pursuant to Section 3.1 of the Settlement Agreement, Defendant
9  PMC Inc. agreed to diligently undertake the defense of any claims and demands and
10 take all actions necessary and appropriate to substitute itself for Plaintiff within fifteen
11 (15) days after receipt of notice of claim.  If Defendant PMC, Inc., or its successors or
12 assigns, failed to conduct such defense, Plaintiff, its successors or assigns, had the
13 right to conduct the defense at the expense of Defendant PMC Inc.  No failure by
14 PMC Inc. to assume such defense served to reduce Defendant PMC Inc.'s obligation
15 to pay the defined Indemnification Amounts to Plaintiff.

16     11.    Pursuant to Section 2.1 of the Settlement Agreement, Defendant Kamins
17 personally guaranteed to a maximum amount of $10,500,000 the obligations of
18 Defendant PMC Inc. under Section 3.1 of the Settlement Agreement (hereinafter the
19 "Kamins Guarantee").  The Kamins Guarantee was made on behalf of Kamins, his
20 heirs, executors, administrators, estate and beneficiaries.  The Kamins Guarantee is an
21 absolute and unconditional guarantee of the full payment and performance of
22 Defendant PMC Inc's obligations under the Settlement Agreement.  Plaintiff has the
23 right to enforce the Kamins Guarantee without first pursuing any other right or
24 remedy that may be available to Plaintiff.

25     12.    Further, pursuant to Section 2.1 of the Settlement Agreement, Kamins, on
26 behalf of himself, his heirs, executors, administrators, estate and beneficiaries,
27 irrevocably waived defined defenses, notices, demand, and rights of subrogation as
28 provided in Section 2.1 of the Settlement Agreement.

13. On August 15, 2004, Alcoa Inc., among others, filed an action against Ferro Corporation and others entitled *Alcoa, Inc. et al. v. APC Investment Co., et al.*, United States District Court, Central District of California, Western Division, Case No. 2:14-cv-06456 ("Alcoa Action"). The original complaint was subsequently amended. By the Alcoa Action, the plaintiffs sought cost recovery and a declaratory judgment against Ferro Corporation and others under Sections 107(a) and 113(g)(2) of CERCLA, 42 U.S.C. §§9601-9675, for abatement under Section 7002 of RCRA, 42 U.S.C. §§ 6701-6992 k, and for injunctive relief and compensatory damages under California law for alleged environmental contamination at the "PMC Source Property" located at and/or adjacent to 10051 Romandel Avenue, Santa Fe Springs, California (the "PMC Source Property").

14. The PMC Source Property as referenced in the amended complaint filed in the Alcoa Action is the same "Property" as defined in the April 23, 1991 Settlement Agreement. Further, the claims asserted in the Alcoa Action were "Environmental Matters" and were not "Excluded Claims" as defined in the April 23, 1991 Settlement Agreement.

15. Accordingly, any response costs, costs of defense and other damages which have been, or will be, incurred by Plaintiff Ferro Corporation in the Alcoa Action are "Indemnification Amounts" as defined in the April 23, 1991 Settlement Agreement.

16. Despite notice and demand, Defendant PMC Inc. initially declined, failed or refused to defend, indemnify and hold Plaintiff Ferro Corporation harmless from and against the claims, losses, liability, obligations, damages, deficiencies, judgments, costs and expenses constituting the defined "Indemnification Amounts" as provided in the April 23, 1991 Settlement Agreement and arising out of, or resulting from, the claims asserted in the Alcoa Action.

17. Further, despite notice and demand, Kamins initially declined, failed or refused to honor the Kamins Guarantee as provided by the April 23, 1991 Settlement

Agreement, including specifically Section 2.1 of the Settlement Agreement.

18. On February 23, 2015, Ferro Corporation filed a third-party complaint against PMC, Inc. and Kamins in the Alcoa Action for declaratory judgment, injunction and other relief and judgment for indemnification and recovery of any response costs and other damages which have been, or will be incurred by Ferro Corporation in the Alcoa Action.

19. On August 10, 2015, Ferro Corporation and PMC, Inc. and Kamins entered into the Partial Settlement Agreement. A true and correct copy of the Partial Settlement Agreement is attached as Exhibit B. Pursuant to the Partial Settlement Agreement, Defendant PMC Inc. agreed to undertake the defense of Ferro Corporation in the Alcoa Action.

20. However, in accordance with Paragraph 3 of the Partial Settlement Agreement, Plaintiff Ferro Corporation's claims for attorney's fees and costs incurred in defense of the Alcoa Action from approximately September 2014 through date of the Partial Settlement Agreement and attorney's fees and costs incurred by Ferro Corporation in the preparation and prosecution of the third-party complaint in the Alcoa Action remained unresolved and were excluded from the Partial Settlement Agreement.

21. Despite notice and demand, PMC Inc. has declined, failed or refused to indemnify Plaintiff Ferro Corporation for the attorney's fees and costs incurred by Ferro Corporation as addressed above and Defendant Kamins has declined, failed or refused to honor the Kamins Guarantee as provided in the April 23, 1991 Settlement Agreement and the August 10, 2015 Partial Settlement Agreement.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract - Defendant PMC Inc.)

22. Plaintiff Ferro Corporation incorporates by reference herein each and every allegation above.

23. Plaintiff Ferro Corporation performed all of its obligations under the

April 23, 1991 Settlement Agreement, except such obligations which Defendant PMC, Inc. may have waived, excused, or rendered impossible or impracticable.

24. Defendant PMC, Inc. is in breach of the April 23, 1991 Settlement Agreement, including specifically Section 3.1 of the Settlement Agreement, due to its failure or refusal to defend, indemnify and hold Plaintiff Ferro Corporation harmless from and against the attorney's fees and costs incurred by Plaintiff Ferro Corporation in defense of the claims asserted in Case No. 2:14-cv-06456 from approximately September, 2014 through the date of the Partial Settlement Agreement.

25. Additionally, Plaintiff Ferro Corporation is entitled to recover attorney's fees and costs incurred in the preparation and prosecution of the Third-Party Complaint in Case No. 2:14-cv-06456 and in the preparation and prosecution of this action pursuant to Section 5.6 of the April, 1991 Settlement Agreement and the August, 2015 Partial Settlement Agreement.

26. As a direct and proximate result of these breaches, Plaintiff Ferro Corporation has been damaged in the approximate amount of $168,123.79, subject to proof at trial.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract - Defendant Kamins)

27. Plaintiff Ferro Corporation incorporates by reference herein each and every allegation above.

28. Plaintiff Ferro Corporation performed all of its obligations under the April 23, 1991 Settlement Agreement, except such obligations which Defendant Kamins may have waived, excused, or rendered impossible or impracticable.

29. Defendant Kamins is in breach of the April 23, 1991 Settlement Agreement, including specifically Section 2.1 of the Settlement Agreement, due to his failure or refusal to honor the Kamins Guarantee as provided by the April 23, 1991 Settlement Agreement and to indemnify Ferro Corporation for attorney's fees and costs incurred in defense of the claims asserted in Case No. 2:14-cv-06456 from

approximately September, 2014 through the date of the Partial Settlement Agreement.

30. Additionally, Plaintiff Ferro Corporation is entitled to recover attorneys' fees and costs incurred in the preparation and prosecution of the Third-Party Complaint in Case No. 2:14-cv-06456 and the preparation and prosecution of this action pursuant to Section 2.1 of the April, 1991 Settlement Agreement and the August, 2015 Partial Settlement Agreement.

31. As a direct and proximate result of these breaches, Plaintiff Ferro Corporation has been damaged in the approximate amount of $168,123.79, subject to proof at trial.

WHEREFORE, Plaintiff Ferro Corporation hereby demands the following relief:

1. Judgment in favor of Plaintiff Ferro Corporation against Defendant PMC, Inc. on the First Claim For Relief in an amount not less than $168,123.79.

2. Judgment in favor of Plaintiff Ferro and against Defendant Kamins on the Second Claim For Relief in an amount not less than $168,123.79.

3. An award to Plaintiff Ferro Corporation of its costs, interest and attorney's fees incurred in prosecuting this action.

4. Such other relief in law or in equity to which Plaintiff Ferro Corporation is entitled.

Dated: May 5, 2016          Respectfully submitted,

**AKERMAN LLP**

By: */s/ Joshua R. Mandell*
        Joshua R. Mandell
Attorneys for Plaintiff,
FERRO CORPORATION