EDWARD W. BURNS (SBN 201913)
BURNS & SCHALDENBRAND
509 North Coast Highway
Oceanside, California 92054
Telephone (760) 453-2189
Facsimile (760) 453-2194
ewburns@bsrlawyers.com

Attorneys for Defendants,
PMC, Inc. and Philip E. Kamins

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERRO CORPORATION, an Ohio Corporation, <br><br>           Plaintiff, <br><br>    vs. <br><br><br> PMC, INC. a Delaware Corporation; and PHILIP E. KAMINS, an individual, <br><br>         Defendants. | Case No.: 2:16-cv-03104- FMO (AGR) <br><br> **DEFENDANTS PMC, INC. AND PHILIP E. KAMINS ANSWER TO COMPLAINT** <br><br><br><br><br> Complaint Filed: May 6, 2016 |

Defendants PMC, INC. and PHILIP E. KAMINS ("DEFENDANTS") hereby answer the Complaint of FERRO CORPORATION ("FERRO") as follows:

## JURISDICTION AND VENUE

1.     DEFENDANTS admit that this action purports to be related to the case cited and referenced settlement agreements but otherwise denies any remaining allegations of Paragraph 1.

**DEFENDANTS PMC, INC. AND PHILIP E. KAMINS ANSWER TO COMPLAINT**

2.     DEFENDANTS are without sufficient knowledge to admit or deny the allegations of Paragraph 2, and therefore denies all of the allegations contained in Paragraph 2 and demands strict proof thereof.

3.     DEFENDANTS admit the allegations contained in Paragraph 3.

4.     DEFENDANTS admit the allegations contained in Paragraph 4.

5.     DEFENDANTS admit that this action purports to be related to the statutes cited but otherwise denies any remaining allegations of Paragraph 5.

6.     DEFENDANTS does not dispute venue in this matter, but denies the remaining allegations of Paragraph 6.

7.     DEFENDANTS admit the allegations contained in Paragraph 7.

## FACTS COMMON TO ALL CLAIMS

8.     DEFENDANTS admit that what purports to be a copy of the Settlement Agreement dated April 23, 1991, is attached to the Complaint as Exhibit A.  DEFENDANTS are without sufficient knowledge to admit or deny the allegations of Paragraph 8, and therefore deny all of the allegations in Paragraph 8 and demand strict proof thereof.

9.     DEFENDANTS admit they are parties to the Settlement Agreement dated April 23, 1991 but state the Settlement Agreement speaks for itself. DEFENDANTS deny all of the allegations in Paragraph 9.

10.     DEFENDANTS admit they are parties to the Settlement Agreement dated April 23, 1991 but state the Settlement Agreement speaks for itself. DEFENDANTS deny all of the other allegations in Paragraph 10.

11.     DEFENDANTS admit they are parties to the Settlement Agreement dated April 23, 1991 but state the Settlement Agreement speaks for itself. DEFENDANTS deny all of the other allegations in Paragraph 11.

12.     DEFENDANTS admit they are parties to the Settlement Agreement dated April 23, 1991 but state the Settlement Agreement speaks for itself. DEFENDANTS deny all of the other allegations in Paragraph 12.

**DEFENDANTS PMC, INC. AND PHILIP E. KAMINS ANSWER TO COMPLAINT**

13.     Defendants admit that a Complaint was filed in the United States District Court, Central District of California, Western Division Case Number 2:14-cv-06456 was filed but states that Complaint speaks for itself. DEFENDANTS are without sufficient knowledge to admit or deny the allegations of Paragraph 13, and therefore deny all of the allegations contained in Paragraph 13 and demand strict proof thereof.

14.     In response to the allegations incorporated by reference in Paragraph 10 of the Complaint, DEFENDANTS incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

15.     DEFENDANTS deny the allegations in Paragraph 15.

16.     DEFENDANTS deny the allegations in Paragraph 16.

17.     DEFENDANTS deny the allegations in Paragraph 17.

18.     Defendants admit that FERRO filed a Complaint on February 23, 2015 but state that Complaint speaks for itself.  DEFENDANTS are without sufficient knowledge to admit or deny the allegations of Paragraph 13, and therefore deny all of the allegations contained in Paragraph 13 and demand strict proof thereof.

19.     DEFENDANTS admit that what purports to be a copy of the Settlement Agreement dated August 10, 2015, is attached to the Complaint as Exhibit B and state that the document speaks for itself.  DEFENDANTS deny the remaining allegations of Paragraph 19.

20.     DEFENDANTS admit that the claims for attorney fees and costs have not been resolved but deny all other allegations of Paragraph 20.

21.     DEFENDANTS deny the allegations in Paragraph 21.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract – Defendant PMC, Inc.

22.     In response to the allegations incorporated by reference in Paragraph 22 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

///

-------------------------------------------------------------------------- 3--------------------------------------------------------------------------

**DEFENDANTS PMC, INC. AND PHILIP E. KAMINS ANSWER TO COMPLAINT**

23.    DEFENDANTS deny the allegations in Paragraph 23.

24.    DEFENDANTS deny the allegations in Paragraph 24.

25.    DEFENDANTS deny the allegations in Paragraph 25.

26.    DEFENDANTS deny the allegations in Paragraph 26.

### SECOND CLAIM FOR RELIEF
### (Breach of Contract – Defendant Kamins

27.    In response to the allegations incorporated by reference in Paragraph 27 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

28.    DEFENDANTS deny the allegations in Paragraph 28.

29.    DEFENDANTS deny the allegations in Paragraph 29.

30.    DEFENDANTS deny the allegations in Paragraph 30.

31.    DEFENDANTS deny the allegations in Paragraph 31.

### PRAYER FOR RELIEF

DEFENDANTS deny that FERRO is entitled to any of the requested relief and damages and denies any allegations in Sub-Paragraphs 1 through 4 of the Prayer for Relief.

### SPECIALLY PLEADED DEFENSES

By way of further answer, and without admitting or acknowledging that it bears the burden of proof as to any of them, DEFENDANTS pleads the following defenses, which apply to each and every Claim asserted in the Complaint unless otherwise stated:

///

///

///

///

-4-

**DEFENDANTS PMC, INC. AND PHILIP E. KAMINS ANSWER TO COMPLAINT**

## FIRST SPECIALLY PLEADED DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted and fails to set forth facts sufficient to state a claim for relief against DEFENDANTS for, among other reasons, that DEFENDANTS has not engaged in any conduct as of now or as of the filing date of the complaint in this matter that could be considered an infringing act.

## SECOND SPECIALLY PLEADED DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred in whole or in part because Plaintiffs comes to this Court with unclean hands.

## THIRD SPECIALLY PLEADED DEFENSE

### (Right to Assert Additional Defenses)

DEFENDANTS reserve the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

Dated: June 26, 2016                    BURNS & SCHALDENBRAND


By_____/s/ Edward W. Burns_____

EDWARD BURNS, ESQ.
Attorney for DEFENDANTS,
PMC, INC and PHILIP E. KAMINS

**DEFENDANTS PMC, INC. AND PHILIP E. KAMINS ANSWER TO COMPLAINT**

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff DEFENDANTS, PMC, INC. and PHILIP E. KAMINS hereby demand a jury trial on all issues in the Complaint so triable.

Dated:  June 26, 2016                              BURNS & SCHALDENBRAND


                                    By_____/s/ Edward W. Burns_____

                                         EDWARD BURNS, ESQ.
                                         Attorney for DEFENDANTS,
                                         PMC, INC and PHILIP E. KAMINS

**DEFENDANTS PMC, INC. AND PHILIP E. KAMINS ANSWER TO COMPLAINT**